UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

MICHAEL MAHAFFEY,

    Plaintiff,

v.

ILLINOIS MARINE TOWING, INC,

    Defendant.

_____/

Case No.: 1:23-cv-2129

Honorable

## COMPLAINT

**NOW COMES** Plaintiff, Michael Mahaffey, by and through counsel undersigned, O'Bryan Baun Karamanian, complaining against Defendant as follows:

1. Jurisdiction and venue lie in this action, Defendant conducting business within this forum's boundaries.

2. Jurisdiction is founded under the Jones Act (46 USCA 30104) for negligence, and under the General Maritime Law for unseaworthiness, maintenance, and cure.

3. At all times material to issues herein, Plaintiff served as an employee of Defendant serving as a crewmember aboard its vessels, with all acts and/or omissions giving rise to this action occurring in the course of Plaintiff's employment in the service of his ship.

4. On or about April 5, 2021, at approximately 1900 hours, Plaintiff was working on his regular vessel the M/V Harbor Runner in the Lemont, Illinois fleet. They were conducting a routine fleet check at Noramco Terminal on the Chicago Sanitary and Shipping Canal around mile marker 298. A routine "fleet check" consists of inspecting barges for broken rigging, broken or damaged lines, cleaning up trash and broken lines, taking up slack and tightening lines, taking up slack in winch wires or portable winches, setting up fleet lights, and salting frozen decks if needed.

He asked his captain to use the boat to push the fleet of empty barges over to the wall so he could turn lines loose and take up slack and resecure the empty barges. As he tried to turn the line loose, he tried to "snatch" it off the pin because it was severely fouled down by accumulated trash lines and debris. As he made a twisting motion to snatch the line and try and "un-foul" it, his torso twisted and the line didn't come loose, he felt a pop in his back and immediately fell to the deck of the barge and reported it to the captain. He was on night shift and was sent to the hospital for an X-ray and sent to a company doctor the next morning (Medworks in Joliet, Illinois). He was eventually sent for an MRI and referred to Dr. Anis Mekhail of Parkview Orthopedic in Palos Heights, Illinois where he was informed that he had two herniated discs L5-S1 and L4-5. He was prescribed physical therapy for approximately 4-6 weeks and released back to work after completing physical therapy, but negligently without a functional capacity exam. Leading up to his injury, he was forced to work by himself 50% of the time for a span of about 3 months and put much more strain on his body which weakened his back leading to injury.

5. On the night of May 31, 2022 at approximately 1900 hours, Plaintiff was working on his regular vessel the M/V Harbor Runner with his regular captain Jason Panka and deckhand Daeng. His captain informed him prior to departure that he was expecting high winds that night and that they had orders to deliver an empty tank barge to NuStar Terminal. They departed the dock at south slip in Lemont and traveled lite boat to heritage slip where the empty tank barge was docked. They faced up to the barge and backed out of heritage slip and landed on the left descending wall at KA Steel around mile marker 301. Plaintiff was on the head of the barge and caught a headline for his captain to back down river into. Once he radioed to him that they had a tight line, he proceeded to the stern to assist dechkand Daeng with his duties. The captain informed him that since our facewire winches didn't get tight enough (unseaworthy), he wanted me to lay

some "hold-down rigging" since he was expecting high winds. They have had problems for years with the facewire winches on the M/V Harbor Runner not getting tight enough; the activities Plaintiff performed thereafter were those he was required to do because of the inadequate winches aforesaid. The Maintenance department was aware of the problem, and it has been documented by multiple captains, but never addressed. Plaintiff and his deckhand laid two sets of rigging, a winch wire on the starboard side, and they used portable boat rigging on the portside. They began with the starboard side, as he was tightening the winch wire, deckhand Daeng began laying the portside wires. While tightening the winch wire, he felt a twinge pain in his lower back. After finishing tightening the winch, he proceeded to help deckhand Daeng snatch up the slack out of the wire he laid. When he snatched the portable ratchet together, Plaintiff felt a severe sharp pain in his lower back. He informed his captain and called Canal Barge dispatch and they filled out an incident report on the way to NuStar Terminal. As they proceeded to NuStar terminal, Plaintiff asked his captain if he wanted him to go out and help deckhand Daeng "spot the barge." Plaintiff didn't want the other deckhand to have to work by himself at night like he was forced to do so many times. Plaintiff forced himself to work through the pain, but wasn't able to do much. After they properly secured the barge to the dock, they traveled back to Lemont (south slip) lite boat where Plaintiff got off the boat around 2400 hours and went home for the night.

      6.     Defendant's tortious acts aforesaid caused or contributed to Plaintiff's damages, *inter alia*, as follows:

        a.     Pain and suffering, past future.

        b.     Mortification, humiliation, fright shock and embarrassment.

        c.     Loss of earnings and earning capacity.

        d.     Hospital, pharmaceutical and other cure expenses.

  e. Aggravation of prior condition, if any there be.

  f. Inability to engage in social, recreational, and other pursuits previously enjoyed.

  g. Mental anguish.

  h. Found.

  i. Maintenance, cure, and/or attorney fees.

**WHEREFORE,** Plaintiff demands trial by jury and judgment against Defendant, together with interest, costs, attorney fees, and expenses, all to be methodically adjusted upwards during the pendency of this cause.

  Respectfully submitted,

  O'Bryan Baun Karamanian

  */s/ Dennis M. O'Bryan*
  Dennis M. O'Bryan (P30545)
  Attorney for Plaintiff
  401 S. Old Woodward Ave., Ste. 463
  Birmingham, MI 48009
  248.258.6262, 248.258.6047 – fax
  dob@obryanlaw.net

  and

  Burke, Warren, MacKay & Serritella, P.C.

  */s/ Frederic Mendelsohn (w/ consent*)
  Frederic Mendelsohn, (6193281)
  Local Counsel for Plaintiff
  330 N. Wabash Ave., 21st Floor
  Chicago, IL 60611-3607
  312.840.7004, 312.840.7900
  fmendelsohn@burkelaw.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

MICHAEL MAHAFFEY,

    Plaintiff,

v.

ILLINOIS MARINE TOWING, INC,

    Defendant.
_____/

Case No.: 1:23-cv-2129

Honorable

## **DEMAND FOR TRIAL BY JURY**

**NOW COMES** Plaintiff, Gregory Jardine, by and through counsel undersigned, O'Bryan Baun Karamanian, and hereby demands trial by jury in the above-referenced cause of action.

Respectfully submitted,

O'Bryan Baun Karamanian

*/s/ Dennis M. O'Bryan*
Dennis M. O'Bryan (P30545)
Attorney for Plaintiff
401 S. Old Woodward Ave., Ste. 463
Birmingham, MI 48009
248.258.6262, 248.258.6047 – fax
dob@obryanlaw.net

and

Burke, Warren, MacKay & Serritella, P.C.

*/s/ Frederic Mendelsohn (w/ consent)*
Frederic Mendelsohn, (6193281)
Local Counsel for Plaintiff
330 N. Wabash Ave., 21st Floor
Chicago, IL 60611-3607
312.840.7004, 312.840.7900
fmendelsohn@burkelaw.com